THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00249-MR-WCM

| | |
|---|---|
| THURMAN BROWN, Heir and Lead on behalf of himself and others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> SARAH JANE SPIKES; MURRELL K. SPIKES; RICKEY McCLUNEY; MARK D. LACKEY; THE REGISTRAR OF DEEDS FOR CLEVELAND COUNTY; and others to be determined, <br><br> Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2].

I.  **BACKGROUND**

The *pro se* Plaintiff Thurman Brown brings this putative class action on behalf of himself as an heir to the Estate of Henrietta Flack Withrow, along with other similarly situated heirs, tenants, and third-party purchasers, asserting claims of fraud, breach of fiduciary duty, professional negligence, and negligence. [Doc. 1 at 1, 5-6]. The Plaintiff names as Defendants Sarah Jane Spikes, the administrator of Ms. Withrow's estate; Murrell K. Spikes and

Rickey McCluney, who allegedly participated in fraudulent property transfers of estate property arranged by Sarah Jane Spikes; Mark D. Lackey and Thomas W. Martin,[1] attorneys who allegedly prepared and facilitated the fraudulent property transfers; and the "Registrar [sic] of Deeds for Cleveland County." All of the named Defendants are alleged to be citizens of North Carolina. [See Doc. 1 at 3].

In his Complaint, the Plaintiff seeks "compensation, restitution, and injunctive relief for the harm caused by" the Defendants' actions in connection with the estate of Ms. Withrow. [Id. at 1]. The Plaintiff alleges that these fraudulent activities began "as early as 2005" and involved "the illegal transfer of estate property through deed fraud, title washing, and misrepresentation." [Id.]. As a result of the Defendants' actions, the Plaintiff contends that he "has suffered financial loss, emotional distress, and a delay in receiving his rightful inheritance." [Id. at 2].

The Plaintiff purports to represent "others similarly situated," including other heirs of Ms. Withrow's estate, tenants of the estate properties, third-party purchasers, individuals harmed by "deed fraud and title washing," and

---

[1] Mr. Martin is not identified in the Complaint's caption but is listed among the named Defendants in the body of the Complaint. [See Doc. 1 at 3].

co-signatories and co-owners of the properties involved in the alleged fraudulent transfers. [Id.].

As for jurisdiction, the Plaintiff alleges that the "Court has jurisdiction over this matter under 28 U.S.C. § 1331 because the claims arise under federal law, and 28 U.S.C. § 1332(d) as the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and this is a class action in which at least one plaintiff is diverse in citizenship from the defendants." [Id. at 2].

## II. STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. The lack of subject matter jurisdiction is an issue that may be raised at any time. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

### A. Application to Proceed with Prepaying Fees or Costs

The Plaintiff seeks to proceed with this civil action without having to prepay the costs associated with prosecuting the matter. [Doc. 2]. In his Application, the Plaintiff asserts that he has no income and no assets, but has monthly expenses of approximately $500.00. [Id. at 1-2, 4-5]. He states that he "had to rob and steal to get here" and that he is currently working for food at an outreach ministry. [Id. at 5]. Upon review of the application, it appears that the Plaintiff lacks the resources with which to pay the required filing fee. Accordingly, the Court finds that the application should be granted.

### B. Section 1915 Review of Complaint

In his Complaint, the Plaintiff asserts that the Court has jurisdiction under 28 U.S.C. § 1331 "because the claims arise under federal law." [Doc. 1 at 2]. However, the Plaintiff does not identify any federal law in his Complaint which would give rise to his claims. The Plaintiff asserts claims of fraud, breach of fiduciary duty, professional negligence, and negligence, all of which arise under North Carolina law. As such, the Plaintiff has failed assert a plausible basis for the exercise of subject matter jurisdiction under § 1331.

The Plaintiff also invokes the provisions of the Class Action Fairness Act of 2005 ("CAFA") as a basis for subject matter jurisdiction. In order for jurisdiction to be invoked under CAFA, the action must satisfy three requirements: "(1) the putative class has more than 100 members (numerosity); (2) the amount in controversy exceeds five million dollars, exclusive of interest and costs (amount in controversy); and (3) the parties are minimally diverse in citizenship (minimal diversity)." Dominion Energy, Inc. v. City of Warren Police and Fire Retirement Sys., 928 F.3d 325, 330 (4th Cir. 2019) (citing 28 U.S.C. §§ 1332(d)(2), (5)(B)).

Here, the Plaintiff makes no plausible allegations to satisfy these three requirements. He makes no attempt to quantify the potential class. He makes only conclusory statements that the amount in controversy excess $5 million. Moreover, the Plaintiff makes no allegation regarding the citizenship of any members of the purported class. The only allegations in the Complaint pertaining to citizenship indicate that the Plaintiff and the named Defendants are all citizens of North Carolina. Because the Complaint fails to establish that jurisdiction under CAFA exists, the Court concludes that this action must be dismissed for lack of subject matter jurisdiction.[2]

---

[2] Even if subject matter jurisdiction existed in this case, the Plaintiff's Complaint would be subject to dismissal as frivolous. On their face, many of the Plaintiff's claims appear to

5

Case 1:24-cv-00249-MR-WCM   Document 3   Filed 10/23/24   Page 5 of 6

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **GRANTED**, and the Plaintiff shall be allowed to proceed without prepayment of the filing fee or giving security therefor.

**IT IS FURTHER ORDERED** that the Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed: October 22, 2024

Martin Reidinger
Chief United States District Judge

---

be time-barred, as they are based on allegations of fraudulent transfers that occurred nearly twenty years ago. Moreover, the Plaintiff makes only vague and conclusory allegations in support of his claims, none of which would withstand a § 1915 review, much less a Rule 12(b)(6) motion.